IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

No. 2:14-CR-13-FL-1
No. 2:16-CV-82-FL

| | | |
|---|---|---|
| D'QUEL NAJAE WASHINGTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct sentence, made pursuant to 28 U.S.C. § 2255, as corrected and amended (DE 105, 108). Also before the court is the government's motion to dismiss, made pursuant to Federal Rule of Civil Procedure 12(b)(6). (DE 110). The issues raised are ripe for ruling. For the reasons that follow, the court denies petitioner's motion to vacate and grants the government's motion to dismiss.

**BACKGROUND**

On December 18, 2014, petitioner pleaded guilty, pursuant to a written plea agreement, to the following: conspiracy to distribute and possess with intent to distribute 28 grams or more of cocaine base (crack), in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B) (Count One): possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c) and 924(c)(1)(A)(i) (Count Thirteen); and possession of a stolen firearm, in violation of 18 U.S.C. §§ 922(j) and 924(a)(2) (Count Fifteen).

On May 6, 2015, petitioner was sentenced to a total term of 165 months' imprisonment.[1]

---

[1] Petitioner was sentenced to 105 months' imprisonment on each of Counts One and Fifteen, to run concurrently. Petitioner was further sentenced to 60 months' imprisonment on

Petitioner appealed his judgment, but the Fourth Circuit Court of Appeals dismissed in part and affirmed in part. See United States v. Washington, 632 F. App'x 106 (4th Cir. 2015).

On May 27, 2016, petitioner filed the instant motion to vacate under 28 U.S.C. § 2255, arguing: 1) his trial counsel provided ineffective assistance by failing to contest the quantity of crack cocaine attributable to him; 2) his trial counsel provided ineffective assistance by failing to contest Count Thirteen; 3) his trial counsel provided ineffective assistance by failing to raise various cases in response to his § 924(c) charge; and 4) under Johnson v. United States, 135 S. Ct. 2551 (2015), he is not guilty. In its motion to dismiss, filed on February 13, 2017, the government argues that petitioner's § 2255 motion should be dismissed for failure to state a claim upon which relief can be granted.

## COURT'S DISCUSSION

A. Standard of Review

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." Id. § 2255(b).

B. Analysis

    1.    Petitioner fails to state a claim of ineffective assistance of counsel.

---

Count Thirteen, to be served consecutively.

Petitioner has raised three ineffective assistance of counsel claims. See Mot. Vacate (DE 108). In order to establish ineffective assistance of counsel, a petitioner must satisfy a two-pronged test. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Under the first prong, a petitioner must show that the representation "fell below an objective standard of reasonableness." Id. at 688. The court must be "highly deferential" to counsel's performance and must make every effort to "eliminate the distorting effects of hindsight." Id. at 689. Therefore, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. The second prong requires a petitioner to show that he was prejudiced by the ineffective assistance by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. This court will apply the Strickland standard to each of petitioner's claims in turn.

    a.    Failed to contest quantity

In his first claim, petitioner alleges that his trial counsel provided ineffective assistance by failing to contest the quantity of crack cocaine attributable to him. Mot. Vacate (DE 108) at 4. Petitioner argues that if not for this error by counsel, he would have received a less severe sentence. Id.

This claim fails under the performance prong of Strickland for three reasons. First, petitioner's counsel had no reason to contest the quantity of crack cocaine where petitioner admitted his guilt by pleading guilty to Count One. Second, even if petitioner's attorney had contested the quantity of crack cocaine, it would have been futile because petitioner made an unprotected statement admitting that he sold 54 grams of crack cocaine between October 2013 and May 9, 2014. PSR ¶ 17. Finally, law enforcement conducted controlled purchases from petitioner, which

3

amounted to approximately 58 grams of crack cocaine. PSR ¶ 14.

Because petitioner's claim fails under the performance prong, this court need not address the prejudice prong. See Strickland, 466 U.S. at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the [petitioner] makes an insufficient showing on one."). Consequently, petitioner's first claim must be dismissed.

        b.        Failed to contest Count Thirteen

Petitioner alleges in his second claim that his trial counsel provided ineffective assistance by failing to contest Count Thirteen. Mot. Vacate (DE 108) at 4. Petitioner argues that he was not guilty of the offense charged in Count Thirteen. Id.

This claim fails under Strickland's performance prong for lack of specificity. In particular, petitioner fails to allege the basis upon which his counsel should have objected and why it was deficient performance that counsel failed to object. See United States v. Dyess, 730 F.3d 354, 359 (4th Cir. 2013) ("[A] habeas petition is expected to state facts that point to a real possibility of constitutional error.") (citation omitted)). This claim also fails under the prejudice prong because petitioner has failed to allege any prejudice. Accordingly, petitioner's second claim must be dismissed.

        c.        Failed to raise cases

In his third claim, petitioner alleges that his trial counsel provided ineffective assistance by failing to raise various cases in response to his charges. Mot. Vacate (DE 108) at 4. In particular, petitioner argues that his counsel should have raised Johnson, 135 S. Ct. at 2551, McFadden v. United States, 135 S. Ct. 2298 (2015), and Descamps v. United States, 133 S. Ct. 2276 (2013). Id. Petitioner concludes that in light of these cases, he was not guilty. Id.

With respect to Johnson, petitioner's argument fails first and foremost because Johnson does not apply to the residual clause contained in 18 U.S.C. § 924(c)(3)(B). See United States v. Godard, No. 4:16-CR-30-FL-1, 2017 WL 280703, at *1 (E.D.N.C. Jan. 20, 2017). In any event, Johnson has no impact on petitioner's § 924(c) conviction because he was convicted of violating § 924(c) for committing a drug trafficking offense, not a crime of violence. See Indictment (DE 14). For this reason, § 924(c)(3)(B)'s definition of "crime of violence" does not apply here. See United States v. Richardson, 653 F. App'x 209, 210 n.* (4th Cir. 2016) (finding that Johnson was inapplicable where the conviction underlying the § 924(c) conviction was a drug offense and not a crime of violence).

As for McFadden, petitioner's argument fails for lack of specificity. McFadden held that the government must prove defendant knew the substance was a controlled substance under federal law in order to convict him of distributing a controlled substance. 135 S. Ct. at 2298. Here, petitioner has failed to allege why his counsel should have raised this case, and the court fails to see how it offers him any relief. See Dyess, 730 F.3d at 359 ("[A] habeas petition is expected to state facts that point to a real possibility of constitutional error.") (citation omitted)). Moreover, McFadden offers petitioner no relief because there was no trial in this case, and he pleaded guilty to possession with intent to distribute crack cocaine.

Petitioner's Descamps argument is similarly unavailing. Descamps held that courts may not apply the modified categorical approach to sentencing under the Armed Career Criminal Act ("ACCA") when the crime for which defendant was convicted has a single, indivisible set of elements. 133 S. Ct. 2276. Petitioner was not sentenced under the ACCA, see PSR ¶ 71, and petitioner has otherwise failed to suggest how Descamps offers him any relief.

Because petitioner has failed to show that Johnson, McFadden, or Descamps provide him with any basis for relief, this claim must fail under both prongs of Strickland. Consequently, petitioner's third claim must be dismissed.

2.  Petitioner's Johnson claim fails.

In his fourth and final claim, petitioner alleges that in light of Johnson, he is not guilty of the "firearms offense." Mot. Vacate (DE 108) at 5. Petitioner requests a stay pending the Supreme Court's decision in Beckles v. United States, No. 15-8544.

Petitioner's request for a stay is denied as moot because the Supreme Court issued its decision in Beckles on March 6, 2017. Petitioner's claim fails on the merits. First and foremost, petitioner did not receive any enhancements pursuant to the residual clause found in U.S.S.G. § 4B1.2(a). Moreover, even if he did, in Beckles v. United States, 137 S. Ct. 886, 894 (2017), the Supreme Court held that "the Guidelines are not amenable to a vagueness challenge." Therefore, the residual clause of the former sentencing guidelines is not void for vagueness.[2] Id. at 892. For these reasons, petitioner's fourth claim must be dismissed.

C.  Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. Daniel, 529 U.S. 473, 483-84 (2000). After reviewing the claims presented

---

[2] The definition of "crime of violence," revised August 1, 2016, no longer contains a residual clause.

on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

## CONCLUSION

Based on the foregoing, the court DENIES petitioner's motion to vacate (DE 105, 108) and GRANTS the government's motion to dismiss (DE 110). The court also DENIES a certificate of appealability. The clerk is DIRECTED to close this case.

SO ORDERED, this the 12th day of June, 2017.

LOUISE W. FLANAGAN
United States District Judge