IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

NO. 2:14-CR-13-FL-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| D'QUEL NAJAE WASHINGTON, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion for compassionate release (DE 149) pursuant to 18 U.S.C. § 3582(c)(1)(A). The motion was briefed fully and in this posture the issues raised are ripe for ruling.

## BACKGROUND

On December 18, 2014, defendant pleaded guilty to conspiracy to distribute and possess with intent to distribute 28 grams or more of cocaine base, in violation of 21 U.S.C. § 846; possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1); and possession of a stolen firearm, in violation of 18 U.S.C. § 922(j). The court sentenced defendant to an aggregate term of 165 months' imprisonment and five years' supervised release. Defendant now moves for compassionate release, arguing that his risk of contracting COVID-19 and suffering severe health complications justifies early release from his custodial sentence.

## COURT'S DISCUSSION

With limited exceptions, the court may not modify a sentence once it has been imposed. 18 U.S.C. § 3582(c). One exception is the doctrine of compassionate release, which permits

sentence reductions in extraordinary and compelling circumstances. As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) now permits a defendant to file motion for compassionate release in the sentencing court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." First Step Act of 2018, Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239.

The court may reduce a defendant's term of imprisonment if it finds "extraordinary and compelling reasons" warrant a sentence reduction, then considers the applicable factors in 18 U.S.C. § 3553(a), and ultimately concludes that "the reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A); United States v. Kibble, 992 F.3d 326, 330 (4th Cir. 2021); see also United States v. McCoy, 981 F.3d 271, 275–76 (4th Cir. 2020).[1] The court has "broad discretion" to deny a motion for compassionate release if it determines the § 3553(a) factors do not support a sentence reduction, even if the defendant establishes extraordinary and compelling reasons for release. See Kibble, 992 F.3d at 330–32; McCoy, 981 F.3d at 275; see also United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020).

Section 3553(a) requires that the court consider the following factors when imposing a sentence:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;

---

[1] The Sentencing Commission has not adopted a policy statement applicable to motions for compassionate release filed directly by defendants. Kibble, 992 F.3d at 330–31; McCoy, 981 F.3d at 281–83.

2

(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; [and]
. . . .
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

18 U.S.C. § 3553(a). In the context of compassionate release motions, the court should "reconsider[] the § 3553(a) factors in view of the extraordinary and compelling circumstances present" in the case. Kibble, 992 F.3d at 332.

Here, defendant has not established extraordinary and compelling reasons for compassionate release.[2] Defendant is fully vaccinated against COVID-19, (see DE 153 at 1), which provides a high degree of protection against developing severe illness. United States v. Salas, No. 22-6371, 2023 WL 3918695, at *2 (4th Cir. June 9, 2023) ("The district court reasonably concluded that Salas's moderate (and very common) risk factors combined with his vaccinations did not present an extraordinary and compelling reason for his release."); see also United States v. Broadfield, 5 F.4th 801, 803 (7th Cir. 2021) ("[F]or the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer relief far more effective than a judicial order. [For most such prisoners], the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release.") Additionally, defendant offers no evidence that he suffers from underlying health conditions that increase his risk of developing severe COVID-19 complications. See United States v. High, 997 F.3d 181, 185 (4th Cir. 2021) ("The underlying arguments for

---

[2] The court does not reach the government's alternative argument that defendant failed to comply with the threshold requirement in § 3582(c)(1)(A) that defendant first request compassionate release from Federal Bureau of Prisons officials. The threshold requirement is not jurisdictional, and defendant's motion otherwise fails on the merits for the reasons explained herein. See United States v. Muhammad, 16 F.4th 126, 131 (4th Cir. 2021).

3

release from prison based on the coronavirus pandemic depend at least on allegations that the risk of contracting COVID-19 in a prison is higher than the risk outside the prison and that the inmate's preexisting medical condition increases that individual's risk of experiencing a serious, or even fatal, case of COVID-19."). Indeed, the medical records provided by the government suggest defendant does not suffer from any underlying health conditions that increase his risk of developing severe disease. (Compare Medical Records (DE 153) with CDC, People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited June 28, 2023)).

In sum, defendant has not established a particularized risk from COVID-19, and he therefore fails to demonstrate extraordinary and compelling reasons for compassionate release. In light of this ruling, the court does not address defendant's arguments that a sentence reduction would be consistent with the sentencing factors in 18 U.S.C. § 3553(a). See Kibble, 992 F.3d at 330 (noting that showing of extraordinary and compelling reasons for compassionate release is an independent requirement). The court also declines defendant's request for a recommendation regarding home confinement. The Federal Bureau of Prisons is better positioned to make the requisite determinations regarding home confinement.

## CONCLUSION

Based on the foregoing, defendant's motion for compassionate release (DE 149) is DENIED.

SO ORDERED, this the 29th day of June, 2023.

_____
LOUISE W. FLANAGAN
United States District Judge